```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------------------x
PAUL REIFFER                                           :
                                                       :
                                                       :
                                                       :
            Plaintiff,                                 :    Index No.: 1:20-cv-11471
                                                       :
                                                       :
                                                       :
     -against-                                         :
                                                       :
                                                       :    COMPLAINT
                                                       :
HAYWOOD KRISTIANSEN GROUP and                          :    DEMAND FOR JURY TRIAL
BENJAMIN HAYWOOD,                                      :
                                                       :
                                                       :
                                                       :
            Defendants.                                :
                                                       :
------------------------------------------------------------------------x
```

Plaintiff Paul Reiffer ("Mr. Reiffer"), by and through his attorneys, brings this action against Defendant Haywood Kristiansen Group ("HKG") and Defendant Benjamin Haywood ("Mr. Haywood") (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for direct copyright infringement pursuant to Section 106 of the U.S. Copyright Act, and the intentional and knowing removal or alteration of Mr. Reiffer's copyright management information ("CMI") and provision of false CMI without authorization pursuant to Sections 1202(a) and (b) of the U.S. Copyright Act. Plaintiff Reiffer brings this action in response to the unauthorized use of Mr. Reiffer's original, copyrighted photograph, by Defendants.

2. Plaintiff Reiffer is an award-winning professional photographer based out of the United Kingdom. Mr. Reiffer's photography has been featured in international and national publications, exhibited worldwide, and is regularly sought after for use by private, public, and non-profit entities.

1

3. In 2018, Mr. Reiffer created a photograph depicting the Boston, Massachusetts cityscape. Mr. Reiffer registered the copyright in said photograph with the U.S. Copyright Office in 2018 and is the sole owner of the photograph's copyright. Mr. Reiffer published the photograph on his website, www.paulreiffer.com, thereby providing access to the photograph to the general public, with a watermark embedded in the photograph reading "© paulreiffer.com" and accompanied by the following copyright notice: "All site content © Paul Reiffer 2020 and may not be used without permission. . . . All rights reserved."

4. Upon information and belief, HKG is a Massachusetts-based company that provides real estate agency services, including but not limited to brokerage, marketing, and consulting.

5. Upon information and belief, Mr. Haywood is a co-founder of HKG, and directly controls and financially benefits directly from the operations and activities conducted by HKG, and who boasts to having conducted over 200 luxury rental real estate deals worth over $175 million in sales, and claims to also be a developer of real estate properties.

6. HKG markets its services to consumers through its website, www.haywoodkristiansengroup.com. On its website is a "Buy | Sell" webpage. Within the "Buy | Sell" webpage, there is a subpage titled "Midtown," which contains quarterly statistics of real estate activity in the Midtown area of Boston, Massachusetts.

7. Within this webpage, a verbatim copy of Mr. Reiffer's photograph was featured as of June 1, 2020.

8. At the time of the display and distribution of the photograph on the foregoing website, Mr. Reiffer had not granted Defendants, or any other affiliated persons or entities, any license or permission to copy, display, or otherwise use the photograph for any purpose.

9. In addition to this unauthorized use, the copy of the photograph appearing on the foregoing webpage did not include any identification of Mr. Reiffer as the author, had removed Mr. Reiffer's watermark and copyright notice attributing his authorship and ownership, and bore a copyright notice identifying HKG as the copyright owner of the webpage, suggesting to the general public that it, not Mr. Reiffer, owns the copyright in Mr. Reiffer's displayed photograph.

10. Like many commercial photographers, Mr. Reiffer's livelihood largely depends on revenue generated by licensing his original works for reproduction, distribution, and public display. With respect to the photograph, the Defendants' collective actions have deprived Mr. Reiffer of such revenue and have caused Mr. Reiffer significant monetary harm. Mr. Reiffer brings this action to recover the damages incurred as a result of Defendants' unlawful acts.

## PARTIES

11. Plaintiff Reiffer is a citizen and domiciliary of the United Kingdom.

12. Defendant HKG is a Massachusetts company, engaged in the business of real estate services within Massachusetts, with its principal place of business and headquarters located at 535 Boylston Street, Boston, Massachusetts 02116. Upon information and belief, Defendant HKG is an unregistered business entity.

13. Upon information and belief, Defendant Haywood is domiciled in the South Boston neighborhood of Boston, in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

14. This action arises under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.* This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. The Court has personal jurisdiction over Defendant HKG because it has its principal place of business headquartered in, and upon information and belief transacts a significant amount of business in, the Commonwealth of Massachusetts.

16. The Court has personal jurisdiction over Defendant Haywood because, upon information and belief, he is domiciled in the Commonwealth of Massachusetts, and because he runs and operates Defendant HKG in Massachusetts.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

18. Venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendants reside and can be found in this District.

## BACKGROUND FACTS

19. Based out of the United Kingdom, Mr. Reiffer is a professional photographer who has dedicated his life to creating superior quality photography, primarily focusing on the depiction of landscapes and cityscapes. Mr. Reiffer's photography has been featured in promotional materials within an array of sectors and industries, including by prominent entities such as the U.S. National Park Service, *National Geographic* magazine, Ford automobiles, Hyatt hotels, and Yahoo! web services. Mr. Reiffer's technical expertise is regularly called upon for editorial features by luxury travel and adventure brands, as well as by prominent national and international publications. Mr. Reiffer's photography has been featured in exhibitions worldwide, including iconic locations such as Times Square in New York and the Houses of Parliament in London. Mr. Reiffer has won numerous awards for his photography, including but not limited to the UN/UNESCO "International Year of Light."

20. Mr. Reiffer has incurred substantial risk in order to obtain the photography that is so demanded of him. Mr. Reiffer's photography is particularly sought after because it captures

unique scenes of beauty that are otherwise challenging to obtain without extreme financial expense, heightened exposure to personal injury, and unwavering personal dedication. Mr. Reiffer's talent and skill is therefore unparalleled as an artist, and Mr. Reiffer has invested an enormous amount of both personal labor and financial expense in order to achieve his success.

21. In addition, Mr. Reiffer serves as one of only three hardware ambassadors worldwide to the high-end digital photography equipment company Phase One. Specifically, in creating his works, including the photograph described further below, Mr. Reiffer uses the highest resolution 151 megapixel digital backs along with a Phase One XF iQ4 150 MP camera system and high-quality camera lenses, valued in total at approximately $70,000. As a result, his photographic works are of the highest quality available.

22. When Mr. Reiffer's photography is requested for use, Mr. Reiffer charges clients licensing fees, and licenses his photographs for use by such clients according to the limitations specified under license agreements. These license agreements are the primary means by which Mr. Reiffer authorizes third party usage of his photography, and are the primary means by which Mr. Reiffer generates income for himself. Mr. Reiffer also uploads his photographs onto his website, and offers copies of them for sale.

23. Mr. Reiffer is the sole author and owner of the copyright in a 2018 photograph depicting the Boston, Massachusetts cityscape (the "Photograph"). The Photograph is registered in the U.S. Copyright Office, Reg. No. VA 2-125-411, with an effective date of November 2, 2018. Attached hereto as **Exhibit A** is a copy of the Photograph as published by Mr. Reiffer on his website, www.paulreiffer.com, including a watermark embedded in the Photograph reading "© paulreiffer.com" and accompanied by the following copyright notice: "All site content © Paul

Reiffer 2020. . . . All rights reserved." Ex. A, at 1, 6, 13. Attached hereto as **Exhibit B** is a copy of the Certificate of Registration for the Photograph.

24. Defendant HKG is a Massachusetts-based company, with its headquarters located in Boston, Massachusetts that provides real estate agency services, including but not limited to brokerage, marketing, and consulting.

25. Upon information and belief, Defendant Haywood is a co-founder of HKG, and directly controls and receives financial benefit from the operations and activities conducted by HKG, including from the advertising on HKG's website, where he boasts of having concluded over $175 million in real estate sales.

26. HKG markets its business through its website, www.haywoodkristiansengroup.com. On its website is a "Buy | Sell" page. Within the "Buy | Sell" page, there is a subpage titled "Midtown," which contains quarterly statistics of real estate activity in the Midtown area of Boston, Massachusetts.

27. The HKG webpage also includes photographs to attract prospective consumer interest to the information contained within the page, and to advertise HKG's business services benefitting HKG and Haywood directly.

28. In 2019, Defendants published a verbatim copy of the Photograph on their webpage. At the time of the publication of the Photograph on the aforementioned webpage, Defendants had not requested authorization from Mr. Reiffer for use of the Photograph, and Mr. Reiffer had not granted Defendants, or any other affiliated persons or entities, any license or permission to copy, display, or otherwise use the Photograph for any purpose. Attached hereto as **Exhibit C** is a PDF printout of Defendants' webpage featuring the Photograph. *See* Ex. C, at 1.

29. Prior to Defendants' unauthorized use of the Photograph, Mr. Reiffer embedded within the Photograph a watermark attributing copyright ownership to himself, and in addition placed an unambiguous and readily apparent copyright notice on his webpage identifying his ownership of the copyright in the Photograph.  These copyright notices constitute CMI as defined under 17 U.S.C. § 1202.

30. Prior to its publication by Defendants, the Photograph was stripped of Mr. Reiffer's CMI by Defendants or their agents, namely the embedded watermark and the separate copyright notice clearly attributing copyright ownership of the Photograph to Mr. Reiffer.

31. At the time of Mr. Reiffer's discovery of Defendants' infringing use of the Photograph, the webpage did not include any identification of Mr. Reiffer as the author or owner of the Photograph, the copyright notices attributing Mr. Reiffer's authorship and ownership of the Photograph were removed, and Defendants or their agents supplanted a copyright notice at the bottom of the webpage identifying HKG as the copyright owner, suggesting erroneously that HKG, not Mr. Reiffer, owns the copyright in the Photograph.  *See* Ex. C, at 2.

32. Upon information and belief, Defendants or their agents are responsible for stripping the Photograph of Mr. Reiffer's CMI and subsequently placing a copyright notice attributing ownership to HKG on its webpage, enabling downstream misattribution and infringement of the Photograph by Defendants and other third parties.

33. Defendant Haywood directly controls and financially benefits from Defendant HKG's website and has directly and financially benefitted from the unauthorized use of Mr. Reiffer's work on the website.  In particular, Defendant Haywood boasts of making millions of dollars of real estate sales in the Boston metropolitan area on various social media and Internet

sites. Upon information and belief, Mr. Haywood has achieved that revenue through his operation of HKG, his control over HKG, and through the advertising on HKG's website.

34. In or around April 2020, Mr. Reiffer became aware of Defendants' unauthorized use of the Photograph in connection with the promotion of Defendants' business. Mr. Reiffer, through his counsel, sent Defendants a cease and desist demand letter containing a settlement proposal, dated June 1, 2020.

35. Despite receipt of this letter and numerous attempts by Mr. Reiffer's counsel to negotiate a settlement in good faith, Defendants have repeatedly refused to engage in any legitimate effort to settle the matter. Defendants' actions in this respect demonstrate that they possess actual knowledge of Mr. Reiffer's copyright ownership in the Photograph, but nonetheless are willfully disregarding Mr. Reiffer's lawful and proprietary interests, in favor of their own personal gain.

**FIRST CLAIM FOR RELIEF**

**Direct Copyright Infringement, 17 U.S.C. § 101, *et seq.*
Against All Defendants**

36. Plaintiff Reiffer incorporates by reference and re-alleges the allegations contained in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. The Photograph is an original copyrightable work. Mr. Reiffer has complied in all respects with 17 U.S.C. § 101, *et seq.*, secured the exclusive rights in and ownership of the Photograph, and has filed his copyright registration for the Photograph with the U.S. Copyright Office in accordance with its rules and regulations. Mr. Reiffer has received, and the Photograph has been assigned as, Registration No. VA 2-125-411, with an effective date of November 2, 2018, certifying his compliance with all applicable formalities of the U.S. Copyright Office. *See* Ex. B.

38. By the actions alleged above, Defendants have infringed Mr. Reiffer's copyright in the Photograph by reproduction, public display, and distribution of the same, without Mr. Reiffer's authorization and without a license.

39. Defendants have done so willfully and intentionally, with full knowledge of Mr. Reiffer's copyright, and in conscious disregard for Mr. Reiffer's exclusive rights in the Photograph.

40. As a direct and proximate result of the copyright infringement detailed herein, Mr. Reiffer has been and continues to be damaged in an amount unknown at present and to be determined at trial.

41. As a direct and proximate result of the copyright infringement detailed herein, Defendants have gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

42. Mr. Reiffer is entitled to recover his actual damages and any additional profits of Defendants not calculated in the computation of his actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. §§ 504(a)(1) and (b).

43. In the alternative and at his election, due to Defendants' acts of willful infringement, Mr. Reiffer is entitled to seek maximum statutory damages for Defendants' infringing acts in the amount of up to $150,000, pursuant to 17 U.S.C. § 504(c).

44. To the extent such infringement persists, Mr. Reiffer has no adequate remedy at law to protect his rights in the Photograph and to prevent Defendants from continuing to infringe the Photograph and injure Mr. Reiffer, and Mr. Reiffer will continue to suffer irreparable injury from Defendants' conduct as alleged.

45. As a direct and proximate result of the copyright infringement detailed herein, Mr. Reiffer is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing his copyright, pursuant to 17 U.S.C. § 502.

46. In addition, Mr. Reiffer is entitled to his full costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**

**Provision and Distribution of False Copyright Management Information and Removal or Alteration of Copyright Management Information,
Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a) and (b)
Against All Defendants**

47. Plaintiff Reiffer incorporates by reference and realleges the allegations contained in Paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. Plaintiff Reiffer included, on his website containing the Photograph, a copyright notice clearly indicating his ownership of the copyright in the Photograph, and embedded a watermark within the Photograph clearly indicating his copyright ownership.

49. The copyright notice and the watermark both constitute CMI as defined under 17 U.S.C. § 1202.

50. Upon information and belief, Defendants or their agents intentionally removed or altered Mr. Reiffer's watermark and separate copyright notice for the Photograph, without authorization from Mr. Reiffer or the law.

51. Upon information and belief, Defendants distributed, publicly displayed, and widely disseminated the Photograph, with knowledge (by Defendants or their agents) that the Photograph had been stripped of Mr. Reiffer's CMI (*i.e.*, his watermark and separate copyright notice), without authorization from Mr. Reiffer or the law.

52. Defendants or their agents have committed the acts described in Paragraphs 50 and/or 51 knowing, or, having reasonable grounds to know, that such acts will induce, enable, facilitate, or conceal an infringement of Mr. Reiffer's copyright in the Photograph.

53. Defendants, in their unauthorized usage of the Photograph, simultaneously knowingly put a copyright notice at the bottom of their webpage indicating their ownership of the webpage and its contents, suggesting erroneously their ownership of the Photograph displayed, and thus knowingly or intentionally (either directly or via Defendants' agents) provided and distributed false CMI in connection with the Photograph.

54. Upon information and belief, Defendants or their agents did so with knowledge that the Photograph had been stripped of its copyright notice and watermark, without authorization from Mr. Reiffer or the law, and that a display of their own copyright ownership of the webpage wrongfully suggested that they were the lawful copyright owner of the Photograph.

55. Defendants or their agents committed the acts described in Paragraphs 53 and/or 54 above knowingly and with the intent to induce, enable, facilitate, or conceal an act of copyright infringement of the Photograph.

56. Mr. Reiffer has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

57. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

58. Mr. Reiffer is entitled to recover from Defendants his actual damages and any additional profits not taken into account in computing his actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

59. In the alternative, and at his election, Mr. Reiffer is entitled to recover from Defendants, for each and every violation of 17 U.S.C. §§ 1202(a) and (b), the extent of which is unknown at present and which will be proven at trial, maximum statutory damages in the amount of $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B).

60. To the extent that the acts complained of herein persist, Mr. Reiffer will continue to suffer irreparable harm, and is entitled to preliminary and permanent injunctive relief to prevent or restrain further violations by Defendants of 17 U.S.C. §§ 1202(a) and (b), pursuant to 17 U.S.C. § 1203(b)(1).

61. Mr. Reiffer is entitled to recover his costs from Defendants pursuant to 17 U.S.C. § 1203(b)(4).

62. Mr. Reiffer is further entitled to recover his reasonable attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Reiffer prays for judgment in his favor and against Defendants as follows:

(a) For a preliminary and permanent injunction enjoining Defendants, their respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further acts of copyright infringement, alteration or removal of CMI, and the provision and/or distribution of false CMI;

(b) For an award of monetary damages in an amount to be proven at trial;

(c) For costs of this lawsuit;

(d) For reasonable attorneys' fees;

(e) For interest as allowed by law; and

(f) For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Reiffer hereby demands a trial by jury for all issues so triable in this case.

Dated: August 4, 2020                                        Respectfully submitted,

**LEICHTMAN LAW PLLC**

By:   */s/ Matthew McFarlane*

Matthew McFarlane (BBO# 568860)
228 East 45th Street, Suite 605
New York, New York 10017
Tel: (212) 419-5210
mmcfarlane@leichtmanlaw.com

*Attorneys for Plaintiff Paul Reiffer*